EDWARD P. MANGANO  
County Executive



CARNELL FOSKEY  
County Attorney

COUNTY OF NASSAU  
OFFICE OF THE COUNTY ATTORNEY  
One West Street  
Mineola, New York 11501  
(516) 571-3013  
Facsimile (516) 571-3058  
*ascott@nassaucountyny.gov*

September 24, 2015

Hon. Kathleen Tomlinson  
United States Magistrate Judge  
United States District Court  
100 Federal Plaza  
Central Islip, New York 11722-4438

      Re:    Stoeckley v. County of Nassau, et al  
             15 CV 514 (LDW) (AKT)

Dear Judge Tomlinson:

      This office represents the Nassau County Defendants in this action. This letter is written in opposition to the Plaintiff's motion seeking "all documents concerning the methods planned or employed by the County of Nassau to police demonstrators on October 16, 2015."

      This action arises from an arrest made at the Presidential debates conducted at Hofstra University on 2012 sponsored by the Commission on Presidential Debates. This was a national event. Among the law enforcement/security agencies involved were the United States Secret Service, the United States Department of Homeland Security, the New York State Police as well as the Nassau County Police Department. There are many other agencies providing various services to the debate site, including various fire and ambulance companies from the area. The debate is not only attended by the presidential candidates, but also by various federal and state office holders, other dignitaries, members of the press and public.

      In addition to the security and coordination of the debate proper, which is held on Hofstra's main campus, areas around the campus must also be secured. Thus, the air and vehicular traffic patterns are changed to ensure both normal and emergency means of entry and exit to the area. Various response teams are stationed throughout the area to deal with emergencies.

      Hofstra formerly hosted a Presidential Debate on October 15, 2008. While there is no guarantee that such debates will again be conducted at Hofstra (and yesterday's papers show

Hon. Kathleen Tomlinson  
United States Magistrate Judge  
United States District Court

September 24, 2015  
Page 2

Re: Stoeckley v. County of Nassau, et al  
     15 CV 514 (LDW) (AKT)

that they will not in 2016), the fact that two such debates have been conducted during the past two presidential elections, it is not improbable that the debates will again be conducted at Hofstra in the future.

It is against this background that Plaintiff's request for "all documents concerning the methods planned or employed by the County of Nassau to police demonstrators on October 16, 2015" must be considered. Such documents are not subject to being disclosed pursuant to the law enforcement privilege.

The party asserting the law enforcement privilege bears the burden of showing that the privilege applies to the documents at issue. To show that the privilege applies, the party asserting the privilege must demonstrate that the documents contain information that the privilege is intended to protect; that is, it must be shown that the documents in question contain information pertaining to "law enforcement techniques and procedures" (or other considerations not relevant here). *In re The City of New York*, 607 F.3d 923, 948 (2d Cir. 2010). Whether the privilege attaches is a question of law for the Court. *Id. at 940.*

There is a strong presumption against lifting the privilege. *Id.*at 948. (citations and internal quotations omitted). To rebut the strong presumption against lifting the privilege the party seeking disclosure has the burden of showing (1) that the suit is non-frivolous and brought in good faith; (2) that the information sought is not available through other discovery or from other sources; *and* (3) that the party has a compelling need for the privileged information. *Id.* (citations and internal quotations omitted). If the presumption against disclosure is successfully rebutted, such as by a showing of "compelling need", then the court must weigh the public interest in nondisclosure against the need of the litigant for access to the privileged information before ultimately deciding whether disclosure is required. *Id*

Here, while Plaintiff contends that there is no other source of such information, it is noteworthy that no depositions have been conducted in this matter. Certainly, Plaintiff will inquire as to the orders issued the arresting officer prior to the arrest. Moreover, Plaintiff has not demonstrated a compelling need for the production of "all documents concerning the methods planned or employed by the County of Nassau to police demonstrators on October 16, 2015" since they are not relevant to the issue of why this particular Plaintiff was arrested at that particular time.

While Nassau County's role in the policing of the presidential debates is a special circumstance that may or may not be repeated in the future, its role in regard to the entirety of the effort, including directions and instructions from federal law enforcement and protective services, will be repeated several times every four years. As far as Nassau County itself is

Hon. Kathleen Tomlinson  
United States Magistrate Judge  
United States District Court

September 24, 2015  
Page 3

Re: Stoeckley v. County of Nassau, et al  
15 CV 514 (LDW) (AKT)

concerned, its crowd control tactics, preparations for possible attacks and logistics for such a large event may be repeated regardless of whether in a presidential debate situation of not.

The presidential debate of October 16, 2015 did not result in a mass arrest situation, although plans were made for such a contingency. Rather, there were few arrests (I know of only three or four). Thus, this case turns more on the conduct of the individuals involved in the arrest rather, as Plaintiff contends, a situation of protesters based upon their political views.

The Defendants have therefore demonstrated that the documents sought are such that the law enforcement privilege was intended to protect; law enforcement techniques and procedures. To overcome the strong presumption that attaches to such documents, Plaintiff has failed to show that the information sought is not available from other sources or that Plaintiff has a compelling need for such information.

By virtue of the foregoing, it is requested that the Plaintiff's motion seeking an order compelling the disclosure of "all documents concerning the methods planned or employed by the County of Nassau to police demonstrators on October 16, 2015" be denied.

Very truly yours,

Andrew R. Scott  
Deputy County Attorney

cc: Gillian Cassell-Stiga, Esq.