UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CLARK STOECKLEY,

                      Plaintiff,

            - against -

THE COUNTY OF NASSAU, Nassau County Police
Detective Jr. EDWARD J. ROGAN (Shield No. 882),
Nassau County Police Detective JEFF RAYMOND
(Shield No. 673), Nassau County Police Detective
CARL TRIOLO, and P.O. JOHN DOE's 1-4 (the names
John Doe being fictitious, as the true names and shield
numbers are not presently known), in their individual
capacities,

                      Defendants.

-----------------------------------------------------------X

**ORDER**

CV 15-514 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Plaintiff Clark Stoeckley ("Plaintiff") brought this civil rights action pursuant to 42 U.S.C. § 1983 after he was arrested at the Presidential Debate held at Hofstra University on October 16, 2012. *See* Amended Complaint ("Am. Compl.") ¶¶ 13-26. Presently before the Court is Plaintiff's letter motion seeking to compel Defendant County of Nassau ("the County") to produce "all documents concerning the methods planned or employed by the County to police demonstrators" on October 16, 2012. *See* DE 24 ("Pl.'s Mot.").[1] The County opposes the motion on the grounds that the requested documents are protected by the law enforcement privilege. *See* DE 25.

---

[1] Plaintiff's motion actually seeks "all documents concerning the methods planned or employed by the County to police demonstrators on October 16, 2015." Pl.'s Mot. at 1. The Court presumes that this date was listed in error, however, since the incident at issue took place on October 16, 2012. *See* Am. Compl. ¶ 13.

After filing the motion to compel, Plaintiff's counsel moved for leave to file a reply. DE 26. The purpose of the reply, according to counsel, is to provide the Court with an exhibit inadvertently omitted from the original motion and to correct certain legal errors contained in the motion. *See id.* Specifically, Plaintiff's counsel states that "additional time to conduct a more thorough survey of the law has revealed that [counsel] erred in the interpretation of controlling precedent" and the original motion therefore was not "properly briefed." *Id.* The County opposes the request, noting that Plaintiff's proposed reply (which is included with the motion for leave to file) raises arguments not addressed in the original motion to compel. *See* DE 27.

Plaintiff's motion to file a reply to the motion to compel is DENIED. As an initial matter, the Court points out that by including her proposed reply papers with the motion, Plaintiff's counsel has, in essence, already filed a reply rather than simply requesting to file one. Pursuant to this Court's Individual Practice Rules, replies are not permitted on letter motions, and Plaintiff's counsel has not provided any good cause basis for the Court to make an exception in this instance. In addition, it is the law of the Second Circuit that courts are not to consider arguments raised for the first time in a reply. *See Mullins v. City of New York*, 653 F.3d 104, 118 n.2 (2d Cir. 2011) (declining to consider argument raised for the first time in a reply brief) (citing *Castro v. Holder*, 597 F.3d 93, 95-96 n.2 (2d Cir. 2010)); *see also Douyon v. N.Y. Med. Health Care, P.C.*, 894 F. Supp. 2d 245, 263 (E.D.N.Y. 2012) (same); *Bosch v. LaMattina*, 901 F. Supp. 2d 394, 405 (E.D.N.Y. 2012) (same). For these reasons, DE 26 is DENIED and the Court will not consider Plaintiff's proposed reply.

Turning to the merits of the underlying motion to compel, Plaintiff alleges that the requested law enforcement documents "directly pertain" to his claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 659 (1978) that the County failed to supervise, train, instruct or discipline its police officers. *See* Pl.'s Mot. at 1-2. In light of these assertions, the Court turns to the Amended Complaint and specifically the *Monell* claim, which is set forth in five short paragraphs. *See* Am. Compl. ¶¶ 30-34. As currently constituted, Plaintiff's claim consists of no more than conclusory allegations that the County "failed to properly train, screen, supervise, or discipline its employees and police officers," including the individual defendant officers, "and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants." *Id.* ¶ 32. Plaintiff also alleges that the County "had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged" by Plaintiff, but the Amended Complaint does not identify what those "de facto" policies were. *Id.* ¶ 31.

Based on the applicable case law, it appears to this Court that Plaintiff's *Monell* claim, as presently constituted, is legally insufficient. The Court draws attention to *Simms v. City of New York*, No. 10 CV 3420, 2011 WL 4344215 (E.D.N.Y. May 19, 2011), *report and recommendation adopted sub nom. Simms v. The City of New York*, No. 10-CV-3420, 2011 WL 4543051 (E.D.N.Y. Sept. 28, 2011) *aff'd sub nom. Simms v. City of New York*, 480 F. App'x 627 (2d Cir. 2012), and the line of subsequent cases relying on *Simms*, *see, e.g.*, *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *14, 22-23 (S.D.N.Y. Mar. 26, 2015); *Lozada v. City of New York*, No. 12-CV-38, 2013 WL 3934998, at *7 (E.D.N.Y. July 29, 2013);

*Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 536, 539-41 (S.D.N.Y. 2012). In *Simms*, Magistrate Judge Levy recommended dismissal of the plaintiff's *Monell* claim where the complaint "contain[ed] only a conclusory allegation that the City had 'actual and or defacto [sic] policies, practices, customs and or usages of failing to properly train, supervise or discipline' its police officers and prosecutors, which were the 'direct and proximate cause of plaintiff's injuries.'" 2011 WL 4344215, at *2 (internal alterations omitted). Judge Levy noted that, although the complaint "succinctly states one of the core legal concepts animating *Monell* liability[,] . . . it does absolutely nothing else" – specifically, "[p]laintiff alleges no facts to indicate any deliberate decision by municipal policymakers to engage in unconstitutional conduct." *Id.* (internal alterations and quotation marks omitted). Judge Levy further determined that "[the] plaintiff's allegation that the officers and prosecutors acted pursuant to 'actual and or defacto [sic] policies, practices, customs and or usages' . . . , without any facts suggesting the existence of the same, are plainly insufficient to state a § 1983 claim against the City." *Id.* (internal alterations and quotation marks omitted). Based on Judge Levy's recommendations, Judge Garaufis dismissed the plaintiff's *Monell* claims. *See* 2011 WL 4543051, at *1. The Second Circuit affirmed that decision on appeal, *see* 480 F. App'x at 631. Notably, the Second Circuit addressed the plaintiff's argument "that the mere conclusory allegation that the City failed to train its officers, without any supporting factual material, is sufficient to state a plausible claim for municipal liability under § 1983." *Id.* at 631 n.4. The Second Circuit stated that, "[w]hile it may be true that § 1983 plaintiffs cannot be expected to know the details of a municipality's training programs prior to discovery, . . . this does not relieve them of their obligation under

[*Ashcroft v.*] *Iqbal* [ 556 U.S. 662 (2009)] to plead a facially plausible claim." *Id.* (internal citations omitted).

Here, the Court has reservations whether Plaintiff's *Monell* claim as currently constituted meets the standard of facially plausibility described in *Simms*. As in that case, Plaintiff's Amended Complaint contains "boilerplate" assertions that the County has a "de facto" custom or policy which resulted in the deprivation of his constitutional rights. *See Simms*, 2011 WL 4344215, at *2; Am. Compl. ¶¶ 31-32. Critically, Plaintiff has provided no factual allegations to support his claim that the County had a custom or policy of "fail[ing] to properly train, screen, supervise, or discipline its employees and police officers." Am. Compl. ¶ 32.

The question of whether Plaintiff's *Monell* claim is adequately pled is not before this Court. However, "the federal rules give district courts broad discretion to manage the manner in which discovery proceeds." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003); *see, e.g.*, *Wood v. FBI*, 432 F.3d 78, 84 (2d Cir. 2005). "[T]he court's authority to manage discovery is designed to serve both the interests of the parties and the public interest in the prompt and efficient disposition of cases[.]" *Levy v. Eisner LLP*, No. 04 CIV. 0398, 2006 WL 2015368, at *1 (S.D.N.Y. July 12, 2006). Conducting discovery on a *Monell* claim is a time-consuming and expensive undertaking. As described in the County's opposition, permitting such discovery to go forward here would require the County to expend significant additional resources. Based on the current pleading of Plaintiff's *Monell* claim, the Court will not require the County to provide any further discovery on that claim at this time. For these reasons, Plaintiff's motion to compel is DENIED.

**SO ORDERED**.

Dated: Central Islip, New York
December 9, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge