# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CLARK STOECKLEY,

                Plaintiff,

-v-

THE COUNTY OF NASSAU, et al.,

                Defendants.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DEMANDS FOR DOCUMENTS**

<u>**15-CV-514 (LDW) (AKT)**</u>

---

       Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), plaintiff hereby requests that defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below upon Gillian Cassell-Stiga at the offices of Rankin & Taylor, 11 Park Place, Suite 914, New York, NY 10007, within thirty (30) days after service hereof.

       These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, defendants obtain or become aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, defendant shall, within thirty (30) days, and in no event later than five (5) days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## INSTRUCTIONS

    1.    If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or

available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

2. If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2. Assertions of privilege made without a statement pursuant to Local Rule 26.2 will be considered non-responsive.

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3.

2. As used herein, the term "incident" is defined as the encounters involving the plaintiff and employees of the Nassau County Police Department at the times and locations described in the Complaint.

3. Any reference to the term "County" or "Department" shall be construed to include the County of Nassau and the Nassau County Police Department, such that a reference to one (1) such term shall also include both of those terms.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Nassau County Police Department ("Department") employees or agents and/or other County employees or agents who were present at and/or participated in the incident or any portion of the incident, and set forth separately their true, full and correct names, shield numbers, commands on the dates of the incident, current commands, and supervisors on the dates of the incident.

2

**INTERROGATORY NO. 2:**

Identify all Department employees or agents and/or County employees or agents identified in response to Interrogatory No. 1 who were subject of or witnesses in any disciplinary proceedings or investigations as a result of their involvement in or witnessing of the incident.

**INTERROGATORY NO. 3:**

Identify all persons, including Department employees/agents or civilian witnesses, who witnessed the incident or any portion of the incident, including but not limited to all persons known to be at or near the vicinity of plaintiff's arrest.

**INTERROGATORY NO. 4:**

Identify all documents or records concerning, arising out of, or referring to plaintiff's arrests and detentions relating to the incident; identify the name, shield number, and present address of the person who filled out, authored, or prepared each such document; identify the custodian and location of each such document; and provide a general description of all such documents.

**INTERROGATORY NO. 5:**

Identify all Department employees or agents and/or County employees or agents who placed plaintiff in handcuffs during the incident.

**INTERROGATORY NO. 6:**

Identify all Department employees or agents and/or County employees or agents who spoke with an employee of the district attorney's office regarding the incident.

**INTERROGATORY NO. 7:**

Identify any and all individuals who provided any Department agent with information about plaintiff prior to the incident, and the Department agent who received the information.

**INTERROGATORY NO. 8:**

Identify all Department employees or agents and/or County employees or agents who in any way evaluated, reviewed, critiqued, or commended the involvement of any Department officer and/or County employee(s) or agent(s) in this matter.

**INTERROGATORY NO. 9:**

Identify all of the individual defendants or persons identified in response to Interrogatory No. 1 who have been the subject of complaints, grievances, lawsuits or other legal or disciplinary investigations or action, including but limited to those for dishonesty, abuse of their lawful authority, excessive force, assault, battery, violation of any federal constitutional right, gender or perceived sexual orientation discrimination, or police brutality.

**INTERROGATORY NO. 10:**

State whether any of the individual defendants or other persons identified in response to Interrogatory No. 1 have ever been defendants in any lawsuit that accused them, individually or in their official capacity as police officers, with false statements, dishonesty, abuse of their lawful authority, excessive force, assault, battery, violation of any federal constitutional right, discrimination, or police brutality. For every lawsuit identified in response to this interrogatory, list all plaintiffs and defendants, the causes of action, the date on which the suit was instituted, the court in which the suit was instituted, the docket or index number, and the result of each suit, including but not limited to those concluded by judgment or settlement.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents concerning the incident referred to in the complaint including, but not limited to, search warrants, search warrant applications and supporting affidavits, arrest

reports, on-line booking sheets, aided cards, aided reports, memo book or DAR entries, log book entries, command log entries, Desk Appearance Ticket Investigation forms, interrupted patrol log entries, property vouchers, property envelope cover sheets, Firearms Discharge / Assault Reports, "Verification of Crime" forms, witness statements, unusual occurrence reports, tactical plans, investigations unit warrant notification sheets, medical treatment of prisoner forms, prisoner movement sheets, 911 call reports, 311 call reports, complaints lodged with IAB, after-action reports, and ambulance call reports related to this incident.

**DOCUMENT REQUEST NO. 2:**

All tape logs, transcriptions, and recordings prepared or kept in connection with or concerning the incidents, including, but not limited to, 911 tapes (including a recording of the alleged civilian witness), SPRINT printouts and tape recordings or transcripts of any emergency radio transmission ("radio runs") related to this incident.

**DOCUMENT REQUEST NO. 3:**

All documents containing or referring to the identity of all persons, including civilian witnesses and other employees or agents of defendant County, who witnessed the incident or any portion of the incident, including but not limited to persons present at the times and locations described in the Complaint.

**DOCUMENT REQUEST NO. 4:**

Any documents or records concerning, arising out of, or referring to plaintiff's arrest and detention.

**DOCUMENT REQUEST NO. 5:**

All documents (including, but not limited to, interviews, investigative reports, findings and adjudications) concerning or arising from any investigation of the incident conducted by the Department or any officer or employee thereof, the Nassau County District

Attorney's office, the United States Attorney's office for the Southern or Eastern District, and/or any federal, state, or local law enforcement or other agency.

**DOCUMENT REQUEST NO. 6:**

All transcripts and tape recordings of all hearings, inquiries, interviews, and interrogations arising from any investigation of the incidents conducted by the Department or any officer or employee thereof, the 311 operators, 911 operators, the Nassau County District Attorney's office, the United States Attorney's Office for the Southern or Eastern District, and/or any federal, state, or local law enforcement or other agency.

**DOCUMENT REQUEST NO. 7:**

All documents or records of statements allegedly made by the plaintiff to any agent, servant or employee of the County concerning the incidents.

**DOCUMENT REQUEST NO. 8:**

All images, photographs, digital or otherwise (including, but not limited to, Polaroids), videotapes, or other recordings of the plaintiff taken before and/or while plaintiff was in defendants' custody related to the incidents.

**DOCUMENT REQUEST NO. 9:**

Any and all documents related to database or tracking systems recording the number of complaints, lawsuits, and disciplinary investigation allegations maintained by the defendant County, including but not limited to those concerning persons identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 10:**

The disciplinary, medical, psychological, employment and personnel files, including but not limited to statements, pre-employment investigation information, psychological tests results, early intervention monitoring records, fitness for duty evaluations, use of force

records, interviews, memoranda, or other documents contained in or made a part of the personnel records or other files wherever kept, of each individual defendant or other person identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 11:**

The disciplinary history for each of the individual defendants and/or persons identified in response to Interrogatory No. 1 and the file, including but not limited to the closing report, for every complaint in which any individual defendant and/or persons identified in response to Interrogatory No. 1 was a subject officer.

**DOCUMENT REQUEST NO. 12:**

All documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, and/or warnings and admonishment against the individual defendants or person identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 13:**

Any Request for Legal Representation authored or submitted by a defendant.

**DOCUMENT REQUEST NO. 14:**

Any and all documents created, authored or prepared by the individual defendants or individuals identified in response to Interrogatory No. 1 or any other Department employee or agent concerning the incidents.

**DOCUMENT REQUEST NO. 15:**

All documents received by the Office of the Nassau County Attorney pursuant to subpoena or to plaintiff's authorizations / releases including but not limited to the criminal court file and medical records.

**DOCUMENT REQUEST NO. 16:**

Any and all video or photographs of the incident and/or the scene of the incident.

**DOCUMENT REQUEST NO. 17:**

Color photographs of individual defendants and individuals identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 18:**

Any and all documents, including patrol guide sections and other training materials for the period of ten years prior to the incident through the end of litigation, concerning whether, and in what circumstances, Department officers are instructed to arrest individuals for videotaping officers.

**DOCUMENT REQUEST NO. 19:**

Any and all arrests for New York Criminal Law § 195.05 occurring in Nassau County, at or around the location described in the complaint, on October 16, 2015.

**DOCUMENT REQUEST NO. 20:**

Any and all arrests for New York Criminal Law § 195.05 occurring in Nassau County, at or around the location described in the complaint, where individuals were in the process of videotaping an officer or alleged to have been interfering in the videotaping by an officer.

**DOCUMENT REQUEST NO. 21:**

Any and all training documents, including patrol guide sections and other training materials for the period of ten years prior to the incident through the end of litigation concerning whether, and in what circumstances NYPD police officers are instructed to arrest individuals for New York Criminal Law § 195.05.

**DOCUMENT REQUEST NO. 22:**

Any and all documents related to investigations of the individuals arrested, at or around the location described in the complaint, on October 16, 2015.

**DOCUMENT REQUEST NO. 23:**

Any and all grievances, complaints, investigations, or lawsuits arising out of an arrest occurring in Nassau County, at or around the event described in the complaint, on October 16, 2015.

**DOCUMENT REQUEST NO. 24:**

Any and all documents sent, circulated, made available, or approved by a Department employee or agent concerning the policing methods to be used on October 16, 2015 related to the debate at Hofstra University and/or demonstrators associated with the debate taking place that day.

Dated:    New York, New York
          May 4, 2015

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Ste. 914
New York, New York 10007
Ph: 212-226-4507

To:   Andrew R. Scott
      Deputy County Attorney
      *Attorneys for Defendants*
      1 West Street
      Mineola, New York 11501
      *via first class mail*

cc:   client, *via first class mail*