UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CLARK STOECKLEY,

                Plaintiff,

  -v-

                                          **15-CV-514 (LDW) (AKT)**

THE COUNTY OF NASSAU, et al.

                Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

January 4, 2016

David B. Rankin, Esq.
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507

## Introduction

Mr. Stoeckley has sued the County of Nassau and various officers in response to his unlawful arrest of October 16, 2012 outside of the Democratic Presidential Debates which were held at Hofstra University. The defendants allege he was arrested for interfering with an undercover officer filming peaceful protestors. After previously having been misidentified by defense counsel, the undercover officer who he allegedly interfered with is now known to be Detective Droluk.

Mr. Stoeckley now seeks leave to file an amended complaint to add Detective Droluk as a defendant, to add a failure to intervene claim, and to conform the complaint to the developed facts. Plaintiff would have added Detective Droluk within the statute of limitation had the defendants not incorrectly identified him as Detective Triolo. In keeping with the scheduling Order entered at the preliminary conference, Mr. Stoeckley amended his complaint to add Detective Triolo on the representations of defendants' counsel. This amendment was within the statute of limitations period. Defendants answered for Detective Triolo. The statute of limitations expired on October 16, 2015. After the statute of limitations passed, the defendants informed plaintiff they made a mistake, and the person who Mr. Stoeckley allegedly committed a crime against, previously identified as Detective Triolo, was in fact someone else. This generalized information came to light during the first week of December. At Detective Triolo's deposition, taken on December 17, 2015, he identified the correct defendant, Detective Droluk. This was the first time it was confirmed the proper party was Detective Droluk.

We now seek to amend the complaint to dismiss Detective Triolo and add Detective Droluk. Defendants state the amendment is futile as the statute of limitations has expired. The scheduling Order should be modified as the forgoing shows good cause for modification. The

equitable estoppel doctrine dictates that the statute of limitations defense should not be countanced when the defendants, as they did here, actively prevented the action from being brought against the proper party. Further, Fed. R. Civ. P 15(c)(1)(A) as interpreted by *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013) allows for a complaint to be amended if the moving party exercised due diligence prior to the running of the statute and the description was sufficient to apprise the party they were an intended defendant. Mr. Stoeckly finds relief in Rule 15 (c)(1)(C) as well. The Supreme Court in *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485 (2012) held mistakes in naming parties do not bar their addition if the party to be added knew or should have known they were a proper party. The constructive notice doctrine means that that Detective Droluk knew or should have known he was a proper party within the relevant period. Mr. Stoeckley finds relief in all three of these arguments, but needs only one to allow for the amendment.

### Summary of the Relevant Facts

On February 3, 2015, plaintiff Clark Stoeckley commenced this action seeking damages for his arrest on October 16, 2012. Docket Entry ("DE") 1. On April 8, 2015, a scheduling Order was entered granting plaintiff leave to amend the Complaint by July 10, 2015. [DE 14]. On May 4, 2015, plaintiff directed an interrogatory to the defendants demanding them to "[i]dentify all Nassau County Police Department ("Department") employees or agents and/or other County employees or agents who were present at and/or participated in the incident…" Declaration of David B. Rankin ("Rankin Dec."), ¶2 Ex. 1 - plaintiff's first set of interrogatories and document demands. During a phone conversation between the County's attorney and Gillian Cassell-Stiga, Esq. of this office, the defendants confirmed Det. Carl Triolo was the "hooded individual" shown in photographs produced by plaintiff as the individual who Mr. Stoeckley allegedly obstructed, and that we would be adding him as a party to the amended complaint. *Id.*, ¶3, Ex. 2 - email memorization. On July 10, 2015, the day contemplated in the scheduling

Order of DE 14, plaintiff amended the complaint to add Det. Triolo with the understanding he was an appropriate party based upon defendants' representations. [DE 18]. On August 5, 2015 defendants answered for Detective Triolo, apparently without realizing their error. [DE 21]. On August 10, 2015, the defendants responded to plaintiff's first set of interrogatory and document demands, these responses nowhere mentioned Detective Droluk. Rankin Dec., ¶4, Ex. 3 - the defendants' responses to plaintiff's first set of document demands. The statute of limitations expired on October 16, 2015. During the first week of December, defendants' counsel, for the first time, mentioned the name Detective Droluk as someone who may be the hooded individual previously thought to be Detective Triolo. *Id.*, ¶5. On December 17, 2015, at Detective Triolo's deposition, we receive confirmation from the deponent, that Detective Droluk is the person who counsel had represented to be Detective Triolo. *Id.*, ¶6. On December 22, 2015, the undersigned submitted to defendants' counsel a stipulation and draft of a second amended complaint removing Detective Triolo from the caption and adding Detective Droluk in his place. *Id.*, ¶7. Shortly thereafter, we were told we would need to make this motion to add Detective Droluk to this lawsuit.

### Argument

Mr. Stoeckley should be allowed to file a second amended complaint to add Detective Droluk for many reasons. Preliminarily, he has shown good cause for a modification of the scheduling Order. Good cause is shown because he amended the complaint within the time allotted by the court to sue the person we now know to be Detective Droluk.

Once the issue of modification of the scheduling Order is considered, the inquiry turns to the statute of limitations. The doctrine of equitable estoppel should prevent the defendants from obscuring the identity of a defendant and then using that obstruction as a sword to resist his

being added as a defendant. Second, Fed. R. Civ. P 15(c)(1)(A) and (C) both allow for this amendment.

   A. **Good cause is shown for why a modification of the Court's scheduling Order should be granted to allow the amendment of the complaint because the we thought we had amended this party into the lawsuit within the schedule as Ordered.**

In reviewing an application to amend a complaint past a Court-Ordered deadline, the lenient standard for leave to amend a complaint as set forth in Fed.R.Civ.P. 15 must be balanced against the "good cause" requirement of Fed.R.Civ.P. 16. *See Holmes v. Grubman*, 568 F.3d 329, 334-5 (2d Cir. 2009); *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243-4 (2d Cir. 2007). "Whether good cause exists turns on the diligence of the moving party." *Id.*, 568 F.3d at 335. Under Fed. R. Civ. P. 15, leave to amend a complaint should be freely given "when justice so requires." Rule 15(a)(2); *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 70 (2d Cir. 2012). This is particularly true where the party seeking amendment has actively sought the information to be included in the amended pleading. *See Christine Falls Corp. v. Algonquin Power Fund, Inc.*, 401 Fed.Appx. 584, 588-589 (2d Cir. 2010) (recognizing leave should be freely given unless the Court finds "[u]ndue delay, bad faith or dilatory motive on the part of the movant ... undue prejudice to the opposing party ... [or] futility of amendment").

Mr. Stoeckley has shown good cause because he issued discovery demands seeking the identity of the person we now know to be Detective Droluk on May 4, 2015. Mr. Stoeckley actively sought, and assumed he had received, the name of the person who he allegedly obstructed. Mr. Stoeckley then amended the complaint in accordance with the scheduling Order issued at the preliminary conference, with the information that he received that the person he allegedly obstructed was Detective Triolo. In early December, defendants' counsel indicated, but would not confirm, that Detective Droluk was the person who Mr. Stoeckley allegedly obstructed. When pressed for confirmation, no confirmation was forthcoming. At the deposition

of Detective Triolo on December 17, 2015, he affirmatively identified Detective Droluk as the officer who Mr. Stockley allegedly obstructed.  On December 22, 2015, the undersigned presented a stipulation to defendants' counsel which would allow for the filing of a Second Amended Complaint and an amendment to the caption.  The proposed Second Amended Complaint would, as here, dismiss the lawsuit against Detective Triolo and add Detective Droluk, and add a failure to intervene claim.  This attempt to sensibly remedy counsel's error was rebuffed in favor of motion practice.  On December 28, 2015, the undersigned, in error, submitted a pre-motion letter to Judge Wexler seeking a pre-motion conference.  [DE 32]. On December 29, 2015, Your Honor issued an Order correcting my error and directing the parties to engage in the motion practice before Your Honor presently. [DE 33].  There is no reading of this timeline which shows "[u]ndue delay, bad faith or dilatory motive on the part of the movant ... [or] undue prejudice to the opposing party" *Id.,* therefore the motion should proceed to the next step in the analysis.

   B. **The Court should grant leave to file the second amended complaint because the defendants should be equitably estopped from raising the statute of limitations defense.**

The defendants should be estopped from arguing the statute of limitations as a defense because of their misrepresentation.  The unpublished opinion from the Second Circuit *Horn v. Politopoulos*, Index No. 14-2640, 2015 U.S. App. LEXIS 17814, *2-3 (2d. Cir. Oct. 14, 2015) lays out the legal standard for defeating a statute of limitations defense with an equitable estoppel argument.

> Under New York State law, equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action. To merit equitable estoppel, a plaintiff must allege either active fraudulent concealment or a fiduciary relationship giving rise to the defendant's obligation to inform the plaintiff of the facts underlying the claim.

*Id.* (citations omitted).

The defendants affirmatively misidentified the individual now known to be Detective Droluk as Detective Triolo. The defendants had an obligation to inform Mr. Stoeckley about Detective Droluk's involvement as document demands directed at this information were served on the defendants. Defendants affirmatively mislead Mr. Stoeckley into thinking the officer Mr. Stoeckley allegedly interfered with was Detective Triolo, when it was not. Mr. Stoeckley, within the statute of limitations, amended his complaint to add Detective Triolo. But for this affirmative misrepresentation, Detective Droluk would have been added as a party within the limitations period. Defendants should not be allowed to profit from their mistake and their opposition on the grounds of the statute of limitations should be estopped.

### C. Fed. R. Civ. P 15(c)(1)(A) allows for the amendment because of Mr. Stoeckley's diligent efforts prior to the expiration of the statute of limitations.

The Federal Rules permit a party to file a claim after the statute of limitations so long as it 'relates back' to the original pleading. Rule 15(c)(1) of the Federal Rules of Civil Procedure provides, in relevant parts that a claim relates back, as follows:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the

Page 6

> party against whom a claim is asserted, if Rule 15(c)(1)(B)
> is satisfied and if, within the period provided by Rule 4(m)
> for serving the summons and complaint, the party to be
> brought in by amendment:
>
>> (i) received such notice of the action that it will not
>> be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action
>> would have been brought against it, but for a
>> mistake concerning the proper party's identity.

Fed. R. Civ. Proc. 15(c)(1).

Mr. Stoeckley has recourse through Fed. R. Civ. P 15(c)(1)(A). The Second Circuit holds held the New York State law relation back doctrine controls as it is State Law which establishes the statute of limitations period.

> New York courts have interpreted this section to permit John Doe substitutions nunc pro tunc. […] [A] party must meet two requirements, the party must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." Second, the party must describe the John Doe party "in such form as will fairly apprise the party that [he] is the intended defendant."

*Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013) (citations omitted)

Mr. Stoeckley meets these two elements by describing the conduct at issue in the complaint, DE 1, and issuing document demands, and following up with counsel to determine the identity of Detective Droluk. As discussed in the section on granting leave to amend a complaint past a court Ordered deadline, plaintiff exercised due diligence prior to the expiration of the statute of limitations. Leave to file the proposed Second Amended Complaint should also be allowed on these grounds.

### D. Rule 15(c)(1)(C)(ii) of the Federal Rules of Civil Procedure provides for relation back to the original pleading in situations of mistake.

The doctrine of mistake allows Mr. Stoeckly to amend his complaint. The Supreme Court in *Krupski*, 130 S. Ct. 2485 (2012) states "that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Id.,* at 2490. And that the second prong of Rule

15(c)(1)(C)(ii) is properly read as:

> A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary 1092 (9th ed. 2009); see also Webster's Third New International Dictionary 1446 (2002) (defining "mistake" as "a misunderstanding of the meaning or implication of something"; "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"; "an erroneous belief"; or "a state of mind not in accordance with the facts"). That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant--call him party A--exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

*Id.*, 130 S. Ct. at 2494.

It is clear from the record that the County of Nassau made an error when they misrepresented to counsel the identity of the officer as Detective Triolo.

The inquiry next turns to if the defendant had this knowledge or notice. They did. Under the constructive notice doctrine, a court may impute knowledge they were a potential defendant "to a defendant or set of defendants because they have the same attorney(s)" when there is "some showing that the attorney(s) knew that the additional defendants would be added to the existing suit." *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989); *Abdell v. City of New York*, 759 F. Supp. 2d. 450, 455 (S.D.N.Y. 2010) (describing constructive notice doctrine). The County of Nassau and Detective Droluk knew, or should have known, through their attorney that Detective

Droluk was the proper party within the statute of limitations period.  Leave to file the Second Amended Complaint should be allowed on these grounds as well.

## Conclusion

For the forgoing reasons, this Court should allow Mr. Stoeckley to file his Second Amended Complaint.  The additional changes from the Amended Complaint to the Second Amended Complaint do not prejudice the defendants and should be allowed as they arise out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading.  Should the defendants argue prejudice or futility, we will address these arguments in our reply.

Dated:	January 4, 2016
	New York, New York

Respectfully submitted,

By:	_____
	David B. Rankin
	Rankin & Taylor, PLLC
	*Attorneys for the Plaintiff*
	11 Park Place, Ste. 914
	New York, New York 10007
	t: 212-226-4507
	e: david@drmtlaw.com